UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL A. TURNER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 13-7074-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Michael A. Turner appeals from the denial of his applications for disability benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") properly evaluated Plaintiff's human immunodeficiency virus ("HIV") infection under the listings. Therefore, the ALJ's decision is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 30, 2010, Plaintiff filed applications for Social Security Disability Insurance and Supplemental Security Income benefits. Administrative Record ("AR") 141-55. He alleged disability beginning March

28, 2010, because of bipolar disorder, HIV infection, lymphoma, and hepatitis C infection. AR 163. After a hearing on April 3, 2012, an ALJ found that Plaintiff had severe impairments of hepatitis C, HIV, anxiety disorder, and affective disorder. AR 27. The ALJ concluded that Plaintiff had a residual functional capacity ("RFC") to perform medium work but was restricted to unskilled tasks. AR 27. A vocational expert ("VE") opined that Plaintiff could perform his past relevant work as a warehouse worker. AR 30; see also AR 47. The VE further identified three jobs available in significant numbers that could by performed by an individual with Plaintiff's RFC. AR 30-31; see also AR 47-49. The ALJ thus found that Plaintiff was not disabled. AR 31-32.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ erred in evaluating the Plaintiff's HIV infection under the listings. See Joint Stipulation ("JS") at 4. Plaintiff stipulates that, excepting issues raised in the Joint Stipulation, the ALJ has properly evaluated the medical evidence. Id. at 3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d

880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-721.

## IV.

## DISCUSSION

### The ALJ Did Not Err in Evaluating Plaintiff's HIV Infection Under the Listings

Plaintiff asserts that the ALJ erred in determining that Plaintiff's HIV impairment did not meet or equal a listing. JS at 4 (citing AR 27). Specifically, Plaintiff contends that his HIV infection meets Listing 14.08K because he has suffered "repeated" manifestations of HIV infection. Id. at 5-6, 8-9; see 20 C.F.R. pt. 404, subpt. P., app. 1, §§ 14.08K, 14.00I3.

At step three of the sequential evaluation process, an ALJ considers whether an applicant has an impairment or combination of impairments that meet or medically equal an impairment included in the federal regulations' listing of disabling impairments. If the claimant's impairment matches or is "equal" to one of the listed impairments, he qualifies for benefits without further inquiry. 20 C.F.R. §§ 404.1520(d), 416.920(d); Sullivan v. Zebley, 493 U.S. 521, 525 (1990). The claimant bears the burden of proving that he has an impairment that meets or equals the criteria of a listed impairment. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."); Zebley, 493 U.S. at 530

(noting burden of proof rests with claimant to provide and identify medical signs and laboratory findings that support all criteria for Step 3 impairment determination).

A claimant can show that his HIV infection meets Listing 14.08 by providing adequate medical evidence of his diagnosis[1] and of certain related infections or malignances. 20 C.F.R. pt. 404, subpt. P., app. 1, § 14.08. Listing 14.08 specifies not only the qualifying ailments but also their severity. Id. § 14.08A-J. A claimant who is unable to proffer "the requisite findings" for the diseases specified in sections A through J, however, may also satisfy Listing 14.08 by showing "[r]epeated . . . manifestations of HIV infection," including types not specified in the listing. Id. § 14.08K. "Repeated" is defined as follows:

> As used in these listings, "repeated" means that the manifestations occur on an average of three times a year, or once every 4 months, each lasting 2 weeks or more; or the manifestations do not last for 2 weeks but occur substantially more frequently than three times in a year or once every 4 months; or they occur less frequently than an average of three times a year or once every 4 months but last substantially longer than 2 weeks. Your impairment will satisfy this criterion regardless of whether you have the same kind of manifestation repeatedly, all different manifestations, or any other combination of manifestations. . . . You must have the required number of manifestations with the frequency and duration required in this section. Also, the manifestations must occur

---

[1] The parties do not dispute that the laboratory tests confirming Plaintiff's HIV diagnosis satisfy the statutory requirements. See AR 296, 336, 354; 20 C.F.R. pt. 404, subpt. P., app. 1, § 14.00.

4

within the period covered by your claim. Id. § 14.00I3. To take advantage of this provision, a claimant must produce "significant, documented symptoms or signs" and "marked" limitation in activities of daily living, maintaining social functioning, or completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. Id.

Plaintiff asserts that he has proffered evidence of "repeated manifestations of HIV infection," relying primarily on the opinion of Dr. James Song, which he contends is "partially supported" by the record. JS at 6, 8. Dr. Song was Plaintiff's primary-care physician at the time Plaintiff began developing abscesses, one of which led to his diagnosis as HIV-positive. See AR 311-12, 318, 320, 340. Plaintiff contends the ALJ failed to provide "a single reason" for rejecting Dr. Song's opinion that Plaintiff has a listing-level immune system disorder. Id. at 7.

On August 31, 2010, a medical assistant from Dr. Song's office completed a three-page Medical Report. AR 306-08. The completed form reflects checked boxes indicating that Plaintiff's infection was diagnosed by laboratory testing and that he suffered mycobacterial and "multiple or recurrent" bacterial infections; hepatitis resulting in chronic liver disease; lymphoma; HIV encephalopathy "characterized by cognitive or motor dysfunction"; HIV wasting syndrome; and diarrhea "lasting for 1 month or longer, resistant to treatment and requiring intravenous hydration, intravenous alimentation, or tube feeding." AR 306-07. The form further notes "other manifestations of HIV infection": four episodes of abscess in one year, each lasting one to two months, and one episode of diarrhea lasting two months.[2] AR 308. The form indicates that Plaintiff suffers marked restriction in activities

---

[2] Although it is unclear from the record, it appears that Plaintiff suffered only a single bout of diarrhea. See JS at 6, 8.

of daily living; marked difficulties in maintaining social functioning; and marked difficulties in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. Id. The form also notes that Plaintiff has a "recurrent abscess," a "change in BM," and bipolar disorder. Id.

It is well-settled that an ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Although an ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an uncontroverted opinion of a treating physician only for clear and convincing reasons. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). Similarly, the ALJ must give specific and legitimate reasons supported by substantial evidence in the record when rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The record reflects that the ALJ gave specific and legitimate reasons for giving little weight to the form provided by Dr. Song's office. The ALJ noted that certain notations in the Medical Report are either not borne out by or flatly inconsistent with the medical evidence. AR 29. For instance, although the Report indicates diarrhea "lasting for 1 month or longer, resistant to treatment and requiring intravenous hydration, intravenous alimentation, or tube feeding," the ALJ noted that the record contains no evidence of intravenous intervention for diarrhea. See AR 29. He similarly noted that, despite Dr. Song's indication of "multiple or recurrent" bacterial infections, the

record reflects that Plaintiff's MRSA bacterial infection was resolved after "only brief hospitalization." AR 29; see AR 270-73. The ALJ noted that Dr. Song's indication of HIV wasting syndrome is contradicted by Plaintiff's denial of weight loss and near-overweight body-mass index. See AR 332, 380, 449. He further noted that, contrary to Dr. Song's Report of lymphoma, Plaintiff's abscess tested negative for malignancy. AR 29 (citing AR 247). The ALJ found no evidence to support Dr. Song's indication of HIV encephalopathy and noted that evidence of Plaintiff's normal liver function undermined the indication of hepatitis C with chronic liver disease. See AR 29, 333.

Thus, the ALJ reasonably found Dr. Song's conclusions to be "poorly supported" and inconsistent with the medical record. AR 29. The ALJ properly discounted Dr. Song's opinion on that basis. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding discrepancy between treatment notes and doctor's opinion "a clear and convincing reason for not relying on the doctor's opinion"); Thomas, 278 F.3d at 957; Tonapetyan, 242 F.3d at 1149. Although Plaintiff contends (JS at 8) he need not show intravenous treatment of diarrhea when it is part of a "repeated manifestation" of infection, the ALJ properly found that the diarrhea and brief hospitalization for MRSA were insufficient under Listing 14.08K.

The ALJ further noted that, although proper diagnosis and treatment of Plaintiff's HIV required repeated medical visits over a course of months, the disease was not yet advanced at the time of diagnosis and Plaintiff responded rapidly and well to treatment with an HIV cocktail. AR 29. Although the Medical Report indicates four abscesses, the record reflects only abscesses that predate his diagnosis and treatment. See AR 308, 230-56, 265-69, 322, 340, 346. Further, although Plaintiff asserts (JS at 13) that his CD4 T-cell count ("CD4 count") remains low, he does not dispute that it is much improved, as

are other significant health measures.[3] See AR 449 (noting CD4 count of 422, "improved" anemia, liver specialist's report of negative test for hepatitis C, and biopsy negative for lymphoma); see also AR 333 (noting hemoglobin level "now within normal range"); AR 380 (noting CD4 count of 449).

As a general matter, the ALJ properly relied on evidence of Plaintiff's effective treatment and improved CD4 count in discounting Dr. Song's claim that his patient was disabled. See 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (noting relevant factors include effectiveness of medication and other treatments); see also Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits."). More specifically, where the medical evidence reflects good response to treatment and an increased CD4 count, a claimant's HIV infection will not meet Listing 14.08K. See Bergeron v. Astrue, No. 09-1219, 2011 WL 6255372, at *14 (N.D.N.Y. Dec. 14, 2011) (affirming HIV did not meet Listing 14.08K where claimant "responded well" to HIV treatment and CD4 count increased with medication); Rumph v. Astrue, No. 09-14290, 2010 WL 2976909, at *5 (S.D. Fla. 2010) (finding plaintiff's "overall good health" supported finding that HIV did not meet Listing 14.08K); see also Roman v. Barnhart, 477 F. Supp. 2d 587, 589 (S.D.N.Y. 2007) (finding plaintiff's HIV did not satisfy Listing 14.08 when records indicated he was doing well on

---

[3] The CD4 T-cell count serves as the major laboratory indicator of immune function in patients who have HIV infection. See Guidelines for the Use of Antiretroviral Agents in HIV-1-Infected Adults and Adolescents, AIDSinfo, http://www.aidsinfo.nih.gov/guidelines/html/1/adult-and-adolescent-arv-guidelines/4/cd4-t-cell-count (last updated Feb. 12, 2013). A normal CD4 count is from 500 to 1,500 cells per cubic millimeter of blood. See HIV/AIDS, MedlinePlus, http://www.nlm.nih.gov/medlineplus/ency/article/000594.htm (last updated May 19, 2013).

regimen and his CD4 count increased).

To the extent Plaintiff challenges (JS at 7) the ALJ's reasons for finding a less restrictive RFC than Dr. William Thompson, who opined that Plaintiff should be restricted to light work, the ALJ properly noted that he failed to "cite[] any specific reason for a reduction to light exertion work." AR 29. Indeed, it appears that the only document in the record from Dr. Thompson is the Physician Statement form recommending restriction to light work on the basis of a month-old doctor-patient relationship. See AR 379-80; Thomas, 278 F.3d at 957; Tonapetyan, 242 F.3d at 1149. Notably, although both Dr. Thompson and state-agency physician Dr. A. Resnick recommended a more limited RFC than the ALJ found, neither opined that Plaintiff's impairments met a listing (or otherwise established disability).

Even had Plaintiff met the requirements of Listing 14.08K, he would still have been required to demonstrate restrictions of daily activities, difficulties in maintaining social functioning, or difficulties in completing tasks in a timely manner due to deficiencies in concentration, persistence or pace. 20 C.F.R. pt. 404, subpt. P., app. 1, § 14.08K. As the ALJ noted, however, statements from Plaintiff and his wife concerning his daily activities demonstrate little limitation. AR 29. Despite fatigue and difficulty with concentration, Plaintiff is able to leave the house daily, pray, read, attend school, shop, visit with others, attend church, and spend hours in bookstores. AR 173, 176-77, 196. Indeed, his wife stated that Plaintiff "still do[es] everything" he used to do, albeit with some difficulty focusing. AR 194.

When considering the record as a whole, it is clear that Plaintiff has not met his burden of demonstrating that his impairments met or equaled the criteria of Listing 14.08K. See Bowen v. Yuckert, 482 U.S. 137, 145-152 (1987) (placing burden on claimant to produce evidence that his impairment meets listing). Moreover, based on the foregoing, the Court concludes that the ALJ

gave specific and legitimate reasons, each of which is supported by substantial evidence in the record, for assigning little weight to Dr. Song's opinion regarding Plaintiff's workplace limitations. Plaintiff is not entitled to remand on this ground.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: April 9, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge